# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br><br>DONGCHUL LEE,<br><br>                Defendant. | CIVIL ACTION NO.: 1:13-cv-13156-DJC<br><br>**MOTION FOR EXPEDITED DISCOVERY**<br><br>**ORAL ARGUMENT REQUESTED** |

      Plaintiff Boston Scientific Corporation respectfully moves this Court for leave to conduct expedited discovery, pursuant to Federal Rules of Civil Procedure 26(d), 33(a), and 34(b). As grounds for this motion, Boston Scientific relies on the facts set forth in its Complaint and in the Affidavits of Rafael Carbunaru and Eileen M. Hunter, which are incorporated herein and made a part hereof by reference, and further states as follows:

      1.      Boston Scientific has filed a Complaint alleging that Defendant Dongchul Lee ("Dr. Lee") has breached the Employment Agreement that he entered into with Boston Scientific, and that he violated the Massachusetts Trade Secret Protection Act.

      2.      As demonstrated in the Complaint, Boston Scientific has suffered, and continues to suffer, immediate and irreparable harm as a result of Dr. Lee's acts. Boston Scientific has filed a motion for preliminary injunction.

      3.      Boston Scientific has demonstrated good cause to conduct limited discovery on an expedited basis, in coordination with a hearing on its motion for preliminary injunction.

4. Providing the expedited discovery will not prejudice Dr. Lee. Dr. Lee should be expected to provide information as to his activities, and should have all such information readily available and within his knowledge.

WHEREFORE, Boston Scientific requests an order allowing it to engage in expedited discovery in this matter by requiring Dr. Lee to provide the following by January 8, 2014:

1. Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant, attached to the Declaration of Eileen Hunter as Exhibit C;
2. A deposition of Dr. Lee regarding:
    a. the nature and scope of his employment at Nevro, including but not limited to the subject area of his work, and the types of devices he is working to develop or invent;
    b. Nevro's recruitment of him and/or the process of him becoming affiliated with Nevro; and
    c. his use, retention, or disclosure of Boston Scientific's Proprietary Information.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiff requests that the Court hear oral arguments regarding the foregoing motion.

dms.us.53316119.05

Dated: December 20, 2013       OGLETREE DEAKINS NASH, SMOAK & STEWART, P.C.,

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #695322)
One Boston Place Suite 3220
Boston, MA 02108
617-994-5728
*patrick.curran@ogletreedeakins.com*

Of Counsel:

FAEGRE BAKER DANIELS LLP

Robert L. Schnell, Jr., (pro hac vice pending)
*robert.schnell@faegreBD.com*
Eileen M. Hunter, (pro hac vice pending)
*eileen.hunter@faegreBD.com*
Martin S. Chester (pro hac vice pending)
*martin.chester@faegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

A*ttorneys for Plaintiff Boston Scientific Corporation*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Dongchul Lee by U.S. mail on December 20, 2013.

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

16716017.1

dms.us.53316119.05