# EXHIBIT A

 



For Patients

Chronic Pain & Treatments    HF10 SCS Differences    Patient Experiences    Resources

## HF10™ SCS Differences

### Advanced Stimulation Therapy

Traditional spinal cord stimulation (SCS) delivers mild electrical pulses which attempt to mask pain with a tingling or buzzing sensation called paresthesia. Nevro revised and updated this approach with a proprietary, high-frequency waveform that allows a method of relieving pain without paresthesia. Data also suggest high-frequency SCS is able to provide pain relief in some patients for whom low-frequency SCS is ineffective.

### Compelling Pain Relief, Enhanced Experience

Clinical evaluations and patient experiences in leading centers worldwide have shown promising pain reductions even in difficult-to-treat chronic pain conditions, including severe low back pain. In addition to pain reduction, clinical evaluations reveal that many patients can reduce their intake of pain medications and may experience an improved quality of life.

### Paresthesia-Free Pain Relief

10 kHz High-Frequency SCS (HF10) is the first paresthesia-free SCS therapy. In addition to the freedom from persistent tingling or buzzing, high-frequency SCS prevents the jolts and shocks related to over-stimulation that traditional SCS patients may experience during positional changes (for example, standing up, sitting down, bending over). This key difference allows the Senza® SCS system to limit sleep disturbances. In addition, unlike traditional SCS, operating motor vehicles while using the Senza SCS system is not restricted.

### Simplified Procedure

Since traditional SCS relies on paresthesia masking for effect, patients must be awakened during the implantation procedure to help physicians position the tingling sensation to overlap the area affected by chronic pain. Because HF10™ SCS therapy does not require paresthesia to be effective, physicians need not awaken patients during the implantation procedure.

*Learn more about patient experiences with Nevro® HF10 SCS therapy.*

**HF10 SCS ANIMATION**



**PATIENT EXPERIENCES**



Almost 9 of 10 patients preferred HF10™ SCS over traditional SCS.

**Find Out Why »**

**CONTACT US**



Questions? Please contact us for more information.

Home | For Physicians | For Patients | About Us | Newsroom | Contact Us

© 2013 Nevro Corp. All rights reserved.
Legal Notice | Patents
The Senza® SCS system is an investigational device in the United States. It is limited by U.S. law to investigational use only.

Senza, HF10, Nevro, and the Nevro logo are trademarks of Nevro Corp.

# EXHIBIT B

# StarTribune

## St. Jude to test chronic pain control without the tingling

Article by: James Walsh
Star Tribune
December 4, 2013 - 5:45 AM



How it works: St. Jude Medical's Prodigy emits low levels of electrical energy in bursts to mask transmission of pain signals to the brain. Early research indicates the approach may be more effective in some cases than standard stimulators.

·, St. Jude Medical

For people with chronic pain, the growth of neurostimulation — use of an electric current to block pain messages from reaching the brain — has been a welcome relief. But the technology loses its effectiveness over time and comes with a pesky tingling sensation.

St. Jude Medical Inc. is hoping to end those problems with its Prodigy neurostimulator. The Little Canada-based company said Tuesday it is beginning to enroll U.S. patients in a clinical study of its new spinal cord stimulation system, which delivers what it calls burst stimulation. Burst stimulation delivers closely spaced pulses of electrical energy to a patient's spinal cord, followed by stretches of quiet — no pulses at all.

The technology "represents an important advancement in neurostimulation therapy," said Dr. Mark D. Carlson, chief medical officer and vice president of global clinical affairs for St. Jude. "We are excited to be leading the effort ... to bring this novel stimulation mode to market."

St. Jude's SUNBURST (Success Using Neuromodulation with BURST) study will evaluate whether burst stimulation — the first of its kind — can be more effective in managing chronic pain than traditional tonic stimulation that sends a continuous stream of electricity to an area of the spine.

Dr. Timothy Deer, an interventional pain physician and chief executive of the Center for Pain Relief in Charleston, W.Va., said burst technology seems to block pain without side effects. "This is very exciting potentially," he said. "But until we get the study going and it is truly reproduceable, we can't say for sure."

Spinal cord stimulation to manage chronic pain has been around for more than 40 years and is given to patients whose pain can't be aided with medication. Implantable systems were made possible as batteries became smaller and could last longer. The procedure involves implanting thin wires along the spinal cord. Those wires are connected to a small pulse generator, similar to a pacemaker, that is usually implanted just beneath the skin. A constant low level of electrical energy is then delivered to interrupt or mask the transmission of pain signals to the brain.

But the therapy loses effectiveness over time. About 20 percent of patients with leg or arm pain stop responding to the therapy after a few years. For those with chronic back pain, the therapy still works for about 60 percent of patients over time, Deer said.

"Considering everything they have tried before has failed, that's not terrible," he said. Still, the idea is to get better — and perhaps get even more patients off of long-term drug therapy.

A group working with patients in Europe and Australia discovered that burst stimulation can restore the blocking of pain in some patients who had stopped responding, Deer said. The reason is that burst therapy follows a different pathway to the brain than constant stimulation.

Then there is the problem of paresthesia — a tingling sensation that patients with a traditional spinal cord stimulator can feel. Deer said burst therapy seems to avoid that problem altogether. The U.S. study will examine whether the machine gun-like bursts of energy work best on their own, or in concert with tonic therapy.

"The chance of it working is really high," he said. "But we need to find out who it works best for, the subgroups. There is much yet to learn."

The SUNBURST study will examine the safety and effectiveness of the Prodigy neurostimulation system, using both traditional stimulation and burst stimulation therapy to manage patients with chronic intractable pain. A maximum of 442 patients will be enrolled at up to 50 sites in the United States. The technology is not yet being used or sold in the U.S. The Prodigy device has an expected battery life of 10 years.

The battery needs to be recharged about once a week.

Spinal cord stimulation is not a cure for chronic pain. But several patients who have had such devices implanted say the pulse makes their pain more bearable. Many of the patients receiving such therapy are younger, and the business of addressing their pain is a growth driver for companies like St. Jude, Medtronic and Boston Scientific.

Still, finding a more effective and longer-lasting therapy could be a boon to St. Jude. According to the Institute of Medicine of the National Academies, chronic pain affects nearly 100 million people in the U.S., and costs the nation up to $635 billion annually in medical treatment and lost productivity.

James Walsh · 612-673-7428

© 2013 Star Tribune

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BOSTON SCIENTIFIC CORPORATION,

Plaintiff,

vs.

DONGCHUL LEE,

Defendant.

Civil Action No.: 1:13-cv-13156-DJC

**PLAINTIFF'S
EXPEDITED REQUESTS
FOR PRODUCTION
OF DOCUMENTS
TO DEFENDANT**

TO:    Defendant Dongchul Lee and his attorneys.

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and pursuant to the Court's Order permitting expedited discovery, Boston Scientific Corporation requests that defendant Dongchul Lee produce documents responsive to the following requests within the time period ordered by the Court. These discovery requests are continuing in nature. If defendant or his counsel becomes aware of any additional information relating to matters into which these discovery requests inquire, Rule 26(e) of the Federal Rules of Civil Procedure requires supplementation of these discovery requests.

### DEFINITIONS AND INSTRUCTIONS

A.    The terms "you," "your," or "yours" means defendant Dongchul Lee, and anybody acting on his behalf, including any attorneys.

B.    "Nevro" means Nevro Corporation and its agents, employees, officers, directors, or representatives.

C.    "Boston Scientific" means Boston Scientific Corporation and its agents, employees, officers, directors, or representatives.

D.      "Proprietary Information" means any confidential, proprietary, and/or trade secret document or information belonging to Boston Scientific, not generally known to its competitors or the public, including but not limited to materials and information (whether or not reduced to writing) relating to its operating procedures, products, methods, service techniques, designs, specifications, trade secrets, cost data, profits, markets and sales, customer lists, plans for present and future research, development and marketing.

E.      The term "document" refers to all tangible items or sources of information of any kind listed in Rule 34(a) of the Federal Rules of Civil Procedure.

F.      "Person" or "persons" means any individual or entity of any kind.

G.      "Relate to," "related to," and "relating to" mean constitute, comprise, refer to, reflect, record, describe, or be in any other way connected with the matter being discussed.

## IDENTIFICATION OF DESTROYED DOCUMENTS

If any document requested below has been lost, destroyed or otherwise discarded, identify the document destroyed or discarded in the following manner: (1) the type of document (e.g., letter, financial record, memorandum, etc.); (2) its date, if any; (3) its title, if any; (4) its originator, if any; (5) its addressee, if any; (6) any person or persons having possession, custody, or control of it; (7) the date and circumstances of the document's loss or destruction; and (8) the reason or justification for such loss or destruction.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.**

Produce all documents evidencing or relating to your current, anticipated, and potential duties and responsibilities at Nevro.

**REQUEST NO. 2.**

Within 10 days, produce all documents that constitute or relate to Boston Scientific's Proprietary Information, including but not limited to:

(1)     any documents related to Boston Scientific's research and development regarding the mechanism of action for spinal cord stimulation ("SCS"),

(2)     any documents related to Boston Scientific's approach to computer modeling of the nervous system, or

(3)     any documents related to Boston Scientific's algorithms and related research for programming SCS systems.

**REQUEST NO. 3.**

Produce all documents evidencing communication between you and any other person related to:

(1) the transmission or dissemination to any third parties of any Proprietary Information, excluding third parties approved by Boston Scientific;

(2) Nevro's recruitment of you and/or the possibility of your becoming affiliated with Nevro;

(3) your decision to accept employment with Nevro.

(4) your employment with Nevro.

**REQUEST NO. 4.**

Produce all documents related to or evidencing any use or disclosure by you or by any third party of the Proprietary Information.

dms.us.53317968.04

Dated:  December 20, 2013          OGLETREE DEAKINS NASH, SMOAK & STEWART, P.C.,

_____

Patrick M. Curran, Jr. (BBO #695322)
One Boston Place Suite 3220
Boston, MA 02108
617-994-5728
patrick.curran@ogletreedeakins.com

Of Counsel:

FAEGRE BAKER DANIELS LLP

Robert L.  Schnell, Jr., (pro hac vice pending)
*robert.schnell@faegreBD.com*
Eileen M.  Hunter, (pro hac vice pending)
*eileen.hunter@faegreBD.com*
Martin S. Chester (pro hac vice pending)
*martin.chester@faegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

*Attorneys for Plaintiff Boston Scientific Corporation*

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BOSTON SCIENTIFIC CORPORATION,

Civil Action No.: 1:13-cv-13156-DJC

Plaintiff,

**NOTICE OF DEPOSITION**

vs.

**OF DONGCHUL LEE**

DONGCHUL LEE,

Defendant.

TO:   Defendant Dongchul Lee and his attorneys.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30 and Court's Order authorizing expedited discovery, Plaintiffs Boston Scientific Corporation by and through its attorneys, will take the deposition of Defendant Dongchul Lee, on January 8, 2014, or such other date and time as may be agreed upon by counsel, starting at 9:00 a.m., at the offices of Faegre Baker Daniels, LLP, 1950 University Avenue, Suite 450, East Palo Alto, California, 94303-2279. The deposition will be recorded by stenographic and/or videographic means.

This deposition of Dongchul Lee will address the following topics:

1. the nature and scope of Dongchul Lee's employment at Nevro, including but not limited to the subject area of his work, and the types of devices he is working to develop or invent;

2. Nevro's recruitment of him and/or the process of him becoming affiliated with Nevro; and

3.  his use, retention, or disclosure of Boston Scientific's Proprietary

Information.

Dated:  December 20, 2013      OGLETREE DEAKINS NASH, SMOAK & STEWART, P.C.,

Patrick M. Curran, Jr. (BBO #695322)
One Boston Place Suite 3220
Boston, MA 02108
617-994-5728
*patrick.curran@ogletreedeakins.com*

Of Counsel:

FAEGRE BAKER DANIELS LLP

Robert L.  Schnell, Jr., (pro hac vice pending)
*robert.schnell@faegreBD.com*
Eileen M.  Hunter, (pro hac vice pending)
*eileen.hunter@faegreBD.com*
Martin S. Chester (pro hac vice pending)
*martin.chester@faegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

*Attorneys for Plaintiff Boston Scientific Corporation*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Dongchul

Lee by U.S. mail on December 20, 2013.

Patrick M. Curran, Jr.

2